ERVIN, Judge.
Carol Noble and the Department of Health and Rehabilitative Services appeal an order of the trial court dismissing their action for determination of paternity against appellee, Maurice Burrell. We reverse.
The trial court dismissed appellants’ petition for paternity after making several find- *294 tags of fact. This was error, because no evidence had as yet been submitted on the issue of the best interest of the child.
In Department of Health & Rehabilitative Services v. Privette, 617 So.2d 305, 309-10 (Fla.1993), the supreme court stated:
We have few facts before us, but the record at least suggests that the child has been abandoned by the legal father and with its mother is living in poverty. If this state of affairs was properly established, the stigma of illegitimacy might well be outweighed by the child’s needs for support, especially in light of any abandonment by the legal father.
(Emphasis added.)
Similarly, the record before us suggests that Noble’s former husband may have abandoned his legal child and that Noble and the child may be living in poverty. On remand, the trial court must balance the stigma of illegitimacy against the child’s chance of obtaining support from her biological father. Appellants must be given the opportunity to provide the court with a clear and compelling reason to declare Burrell the father, based upon the child’s best interests.
REVERSED and REMANDED for further proceedings.
JOANOS and BARFIELD, JJ., concur.